CLEVENGER, Circuit Judge.
 

 Mark E. Madden appeals from the June 17, 1996, decision of the United States Court of Veterans Appeals, which affirmed the decision of the Board of Veterans’ Appeals denying on the merits Madden’s claim for service connection of an acquired psychiatric disorder. We affirm.
 

 I
 

 Madden served on active duty in the United States Army from March 1973 until March 1976. While in service, Madden was treated on several occasions for a lower back condition and alcoholism. His subsequent claims for service connection for a low back injury and for liver disease secondary to alcoholism were denied by a Veterans Administration Regional Office in June 1983. Madden did not appeal the denial of those claims to the Board of Veterans’ Appeals, and those claims are not the subject matter of Madden’s present appeal. The Regional Office in June 1983 also denied Madden’s claim for service connection for an acquired psychiatric disorder. Although Madden also did not appeal the denial of that claim directly to the Board of Veterans’ Appeals, he later succeeded in reopening that particular claim on the basis that he had presented new and material evidence pertinent to resolution of the claim on its merits.
 

 It is undisputed that Madden’s service medical records do not show any diagnosis of an acquired psychiatric disorder incurred during service. Madden’s claim may nonetheless succeed if he can demonstrate that his disease became manifest to a degree of ten percent within one year from the date of his separation from service, in Madden’s case, by March 15, 1977. The burden is on Madden to prove that his disease thus became manifest, and upon such a showing, the law presumes that the disease is service connected.
 
 See
 
 38 U.S.C. §§ 1110, 1112(a); 38 C'.F.R. §§ 3.303(a), 3.306, 3.307 (1996).
 

 To shoulder his burden at a hearing on April 25, 1990, Madden offered his own lay testimony that his psychiatric condition stemmed from a back injury incurred during service, the pain from which accounted for his alcohol and drug abuse, which fueled his psychiatric difficulties. In particular, Madden asserted that he had been hospitalized at a veterans’ facility in Fort Lyon, Colorado, from October 9 until December 9, 1976, for treatment of his psychiatric disorder.
 

 In addition, Madden produced two medical records to support his claim. The first is notes of Dr. James W. Burrows which summarizes his conversation at an outpatient visit with Madden on April 23,1990:
 

 This 36 year old non service-connected male vet was at Fort Lyons 10-9-76 to 12-9-76. He was here for results of suicidal ideation with depression and anxiety and back problems and history of alcohol and drug abuse since he hurt his back in [the] Army — drug history was prolific LSD, quaaludes, marijuana — hash—morphine, speed, etc. — all he says due to back problems? — He was as I remember a patient while on 7 Building — he was prescribed with physical therapy for back — punching bag and running to expend energy that
 
 *1479
 
 was associated with agitation and anxiety related to depression. He received a regular diet. Medications of Elavil and Valium? he says. I cannot remember myself if Valium was prescribed as it may have been I cannot remember. — -He has since lost his records or Leavenworth or Topeka VA has and he [is] concerned with trying to date his hospitalization to prove he was hospitalized within one year of service. I have a strong feeling he may have been my patient he does not remember the name of the social worker or chief of staff.
 

 On the same date as Dr. Burrows’s signed notes, he signed a document stating that Madden “[w]as on a Psychiatric Unit for the following hospitalization” from “10/9/76 to 12/9/76,” thus confirming the first sentence of his signed outpatient visit report.
 

 II
 

 The question in this case, before the Board of Veterans’ Appeals, the Court of Veterans Appeals, and this court, is whether Madden’s lay testimony and the two medical records demonstrate that Madden’s psychiatric disorder became manifest before March 15, 1977.
 

 Before the Board of Veterans’ Appeals, Madden argued that his lay testimony and the medical records established his entitlement to presumed service connection for his psychiatric condition. The Board, in its written decision, recognized the pertinence of Madden’s factual assertions, but it held them insufficient to carry Madden’s burden. In particular, the Board noted that Madden’s lay testimony, now asserting that he had sought and received hospital care for a psychiatric condition in the autumn of 1976, is inconsistent with his previous assertions that, as of then, his maladies were related only to his back and his alcoholism. Further, the Board found highly probative a letter Madden sent to the St. Paul, Minnesota, Regional Office, which Madden wrote while hospitalized in Fort Lyon, in which he stated that his Fort Lyon hospitalization was for “alcohol abuse” treatment. Because the only evidence that was contemporaneous with the 1976 hospitalization described it as related to alcohol treatment, the Board was unpersuaded that Madden’s assertions in 1990 that the hospitalization was for psychiatric treatment were true. The Board also discounted to legal insignificance the medical evidence, on the ground that the evidence at most suggested the possibility that Madden had been treated in 1976 for a psychiatric disorder. The Board found that the doctor’s recollection was admittedly hazy and incomplete, and that the details in the doctor’s report that were favorable to Madden had been supplied by Madden to the doctor. Given Madden’s own characterization of the nature of the 1976 hospitalization and the undisputed fact that no other medical record reference to psychiatric disorder occurs until 1982, which was well beyond the presumptive service connection time period, the Board found as a matter of fact that Madden had failed to prove entitlement to a presumptive service connection.
 

 The Court of Veterans Appeals recounted the evidence that the Board of Veterans’ Appeals considered, and interpreted the Board’s decision as having found a lack of credible evidence to support Madden’s claim. In particular, the Court of Veterans Appeals noted that, in connection with Madden’s appeal, the duty of the Board was to “evaluate the merits of the veteran’s claim in the light of
 
 all
 
 the evidence, both new and old,” quoting
 
 Masors v. Derwinski,
 
 2 Vet.App. 181, 185 (1992), and “account for the evidence which it finds to be persuasive or unpersuasive,” providing reasons or bases for rejecting evidence submitted by or on behalf of the claimant, quoting
 
 Gilbert v. Derwinski,
 
 1 Vet.App. 49, 57 (1991). The Court of Veterans Appeals held that the Board had properly discharged its duties: because the current lay testimony conflicts with contemporaneous evidence, and because the medical evidence is vague as to symptoms observed during treatment and even ambiguous as to whether the doctor performed the treatment, the Court of Veterans Appeals agreed that Madden’s proofs were not credible.
 

 The Court of Veterans Appeals also rejected Madden’s alternative argument that he deserved further factual investigation of his claim under 38 C.F.R. § 3.307(c), which provides:
 

 Cases in which a chronic condition is shown to exist within a short time following the applicable presumptive period, but
 
 *1480
 
 without evidence of manifestations within the period, should be developed to determine whether there was symptomatology which in retrospect may be identified and evaluated as manifestation of the chronic disease to the required 10-pereent degree.
 

 Madden was held unentitled to further case development under this regulation because his earliest proven indication of a psychiatric condition was in 1982, more than five years after the close of the presumptive time period.
 

 Ill
 

 Whether we have jurisdiction to hear Madden’s appeal depends on how we characterize his challenge to the decision of the Court of Veterans Appeals affirming the decision of the Board of Veterans’ Appeals.
 

 It is beyond cavil that we may not review cases from the Court of Veterans Appeals that only challenge the application of law or regulation to specific facts.
 
 Prenzler v. Derwinski,
 
 928 F.2d 392, 393 (Fed.Cir.1991). Instead, Congress has provided that our authority to review the decisions of the Court of Veterans Appeals is restricted to entertaining appeals that seek review of the validity of any statute or regulation, or any interpretations thereof, or that raise constitutional controversies.
 
 See 38 U.S.C.
 
 § 7292(a), (d)(2);
 
 Albun v. Brown,
 
 9 F.3d 1528, 1529-30 (Fed.Cir.1993) (dismissal for want of jurisdiction required if appeal does not raise a constitutional question, or a question of interpretation of a constitutional or statutory provision or of the interpretation or validity of a regulation);
 
 Livingston v. Derwinski
 
 959 F.2d 224, 225 (Fed.Cir.1992).
 

 The government contends that we lack jurisdiction to hear Madden’s appeal because he seeks no more than to argue that the facts he has asserted satisfy his burden to earn a presumption of service connection for his psychiatric disorder. Were there no more to Madden’s appeal, we would agree with the government and dismiss this appeal for lack of jurisdiction.
 

 Madden however proposes an interpretation of the governing law under which his appeal would succeed, were we to agree with his interpretation of the law. He thus characterizes his appeal as raising a question of the interpretation of relevant law, a matter fixedly within our jurisdiction. Because we agree with Madden’s characterization of the dispositive issue in this appeal, we have jurisdiction to proceed. To the interpretative issue we thus turn.
 

 IV
 

 Madden agrees that he shoulders the burden of proving entitlement to a presumptive service connection under 38 U.S.C. §§ 1110, 1112(a). He notes that under 38 C.F.R. § 3.307(b), he may satisfy his evidentiary obligation by “medical evidence, competent lay evidence, or both,” and that “[m]edical evidence should set forth the physical findings and symptomatology elicited by examination within the applicable period.”
 

 Madden’s boldest interpretation of section 3.307 is that
 
 any
 
 evidence submitted by the veteran showing manifestation of the claimed disability within the prescribed time is sufficient to gain the presumption of service connection. As long as the veteran proffers some evidence of such manifestation, regardless of its reliability or credibility, Madden argues that the presumption is created and the burden shifts to the agency to rebut the presumption, by a preponderance of the evidence, with contrary evidence.
 

 Madden thus faults the Board for having itself taken the measure of the quality of Madden’s evidence. In Madden’s view, the Board has no authority to assess the quality of his evidence, once he has put forth some evidence to support presumptive service connection. Instead, the Board must accept the veteran’s evidence at face value, and reject or discount it only on the basis of rebuttal evidence proffered by the agency.
 

 Madden seems to recognize the weakness of his interpretation, at least insofar as lay testimony is concerned. The regulation itself speaks of “competent” lay evidence, thus contemplating the possibility that some lay evidence may be rejected. Lay evidence which is in fundamental conflict with other lay evidence and is, for that reason, found not credible in a given case, is surely suspect. Madden thus notes that, even if the’ lay evidence in this case cannot support his claim, the medical evidence he submitted must, as a
 
 *1481
 
 matter of law, be deemed adequate to gain presumptive service connection.
 

 Madden’s slightly less bold and slightly more refined interpretation of section 3.307 thus homes on medical evidence, asserting that any medical evidence of presumptive service connection satisfies the regulation, thus shifting the burden of rebuttal to the agency, regardless of the strength or soundness of the proffered medical evidence.
 

 We reject Madden’s interpretation of section 3.307. In this ease, the medical evidence is based on a doctor’s recollection of events occurring 14 years earlier, refreshed by assertions of fact made by the veteran to the doctor in 1990. No physical findings or symptomatology elicited by examination are noted by the doctor, and even the evidence showing Madden’s attendance dates in a psychiatric ward post-date the event by 14 years. Furthermore, the medical evidence is contradicted by Madden’s own contemporaneous explanation of his 1976 hospital visit as prompted by his troubles with alcohol.
 

 At bottom, Madden’s reading of section 3.307 would deprive the Board of its authority to discount the weight and probity of evidence in the light of its own inherent characteristics and its relationship to other items of evidence. Any medical evidence, of whatever character or dimension, would give rise to a presumption of service connection which would be rebuttable only by a large measure of contrary medical evidence. Madden cites no precedent to support his proposed emasculation of the Board’s inherent fact-finding authority, and indeed overlooks the considerable body of law imposing a duty on the Board to analyze the credibility and probative value of evidence
 
 sua sponte,
 
 when making its factual findings.
 
 See Goodsell v. Brown,
 
 5 Vet.App. 36, 42 (1993) (Board failed to evaluate credibility and probative value of physicians’ statements);
 
 Culver v. Derwinski,
 
 3 Vet.App. 292, 297-98 (1992) (Board faded in its duty to include analysis of credibility or probative value of evidence in support of claim for service connection);
 
 Miller v. Derwinski,
 
 3 Vet.App. 201, 204 (1992) (Board must assess credibility and weight of lay testimony);
 
 Wilson v. Derwinski,
 
 2 Vet.App. 614, 618 (1992) (when physician accepts veteran’s descriptions as credible and renders diagnosis thereon, Board has duty to assess credibility and weight to be given to the evidence),
 
 appeal dismissed,
 
 996 F.2d 1236 (Fed.Cir.1993) (unpublished table decision);
 
 Sanden v. Derwinski,
 
 2 Vet.App. 97, 100 (1992) (Board’s task includes determining credibility of evidence). This body of law is to be expected as a surround for any judicial fact-finder, as an inherent function of the entity charged with responsibility for the determination of fact. Madden gives us no reason to abandon or limit this body of law in the circumstances of this case.
 

 We reject Madden’s interpretation of the governing law, and hold that the Board is entitled independently to assess the quality of evidence before it. We agree with the Court of Veterans Appeals that the Board in this case properly exercised its authority to assess the credibility and weight of the evidence before it, and did not clearly err when it held that Madden has failed to demonstrate entitlement to a presumptive service connection for the claimed psychiatric disability.
 

 We have considered Madden’s other arguments on appeal and find them without merit.
 

 For the reasons set forth above, the decision of the Court of Veterans Appeals is affirmed.
 

 No costs.
 

 AFFIRMED.