NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NORMAND P. RAINVILLE,**
*Claimant-Appellant,*

**v.**

**SLOAN D. GIBSON,**
**Acting Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7052

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-70, Judge Coral Wong Pietsch.

---

Decided: July 11, 2014

---

NORMAND P. RAINVILLE, of Apple Creek, Ohio, pro se.

RICHARD P. SCHROEDER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and CLAUDIA BURKE, Assistant Director. Of counsel on the brief were Y. KEN LEE, Deputy Assistant General Counsel, and CHRISTINA GREGG, Attorney, United

States Department of Veterans Affairs, of Washington, DC.

_____

Before MOORE, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

Normand P. Rainville appeals from the judgment of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the decision of the Board of Veterans Appeals (Board) denying Mr. Rainville's claim for service connection for a cervical spine disability. We *dismiss* this appeal for lack of jurisdiction.

## BACKGROUND

Mr. Rainville served in the United States Army from 1966 to 1970. In 1967, Mr. Rainville suffered a mild concussion after colliding with the wing of a stationary missile. He was hospitalized for two days, but his skull X-rays were reported as normal. In 1969, Mr. Rainville complained of muscle soreness in his back after he was in a motor vehicle accident. The X-rays following the incident were negative for fractures. Mr. Rainville's 1970 service separation examination was normal and he did not report any neck pain on the health history questionnaire.

In April 2007, Mr. Rainville was diagnosed with cervical spondylotic myelopathy and degenerative joint disease of the cervical spine following an X-ray and magnetic resonance image (MRI). The X-ray and MRI did not reveal any fracture or dislocation of the cervical spine.

Following his diagnosis, Mr. Rainville filed a claim for service connection for conditions which he characterized as resulting from his 1967 in-service collision with the wing of the stationary missile. He alleged that the damage to his cervical spine diagnosed in 2007 was a result of a long-term progressive degeneration triggered by the

missile wing collision. Mr. Rainville supported his claim with a statement by his physician noting that it was possible that Mr. Rainville's degenerative condition was incited or worsened by prior injuries. The physician's statement also explained that he could not definitively determine whether this was so without appropriate medical records from the time of injury.

The Board denied Mr. Rainville's claim. It relied upon Mr. Rainville's medical history as well as various medical opinions obtained in 2010 and 2012 in concluding that Mr. Rainville's neck condition was not service-connected. The Veterans Court affirmed. It determined that there was a plausible basis for the Board's decision and that the Board provided an adequate basis for its conclusions. Mr. Rainville appeals.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We have jurisdiction to review a decision of the Veterans Court "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans Court] in making the decision." 38 U.S.C. § 7292(a) (2012). We lack jurisdiction to review a "challenge to a factual determination" or a "challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Rainville makes two arguments. First, he argues that the Veterans Court erred in not applying the "benefit of the doubt rule" to his case. Appellant's Informal Br. at 1. Second, he argues that the Board erred in failing to obtain the X-rays from his 1967 missile wing collision. Appellant's Informal Br. Attach. 1 at 1–2.

Mr. Rainville's argument concerning the application of the "benefit of the doubt rule" is a factual challenge over which we lack jurisdiction. That rule states that,

"[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant."  38 U.S.C. § 5107(b). The Veterans Court affirmed the Board's fact finding that the preponderance of the evidence did not support entitlement to service connection.  Because the evidence was not in equipoise, the Veterans Court held that the Board did not err in failing to apply the "benefit of the doubt rule."  Importantly, Mr. Rainville does not raise any challenge to the lawfulness or interpretation of this rule. *Cf. Fagan v. Shinseki*, 573 F.3d 1282, 1288–90 (Fed. Cir. 2009).  Mr. Rainville's challenge to the interpretation or weighing of the evidence is beyond our jurisdiction.  *See* 38 U.S.C. § 7292(d)(2).

Mr. Rainville's complaint that the Board erred in failing to obtain his 1967 X-rays amounts to a challenge to the reliability of the evidence used to establish that Mr. Rainville lacked service connection and is therefore outside of our jurisdiction.  The Board concluded that a written report associated with the 1967 X-rays was adequate and reliable evidence of Mr. Rainville's 1967 injuries.  In other words, it determined that the 1967 X-rays would have been cumulative over the 1967 written report. Reliability of evidence is a factual determination for the Board.  *See Madden v. Gober*, 125 F.3d 1477, 1481 (Fed. Cir. 1997).  To address the merits of Mr. Rainville's argument would require us to make our own factual determination as to whether the 1967 written report was indeed reliable evidence.  We lack jurisdiction to undertake such fact-based review and therefore cannot reach the merits of Mr. Rainville's challenge.

CONCLUSION

For the foregoing reasons, the appeal is *dismissed* for lack of jurisdiction.

**DISMISSED**

Costs

No costs.