Citation Nr: 1456926 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 12-04 761 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Whether an overpayment of the Department of Veterans Affairs (VA) compensation benefits in the amount of $13,940.00 was properly created.

2. Entitlement to waiver of recovery of an overpayment of VA compensation benefits in the amount of $13,940.00.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

K. Gielow, Counsel



INTRODUCTION

The Veteran served on active duty from November 1976 to March 1979.

This matter comes before the Board of Veterans' Appeals (Board) from a September 2011 decision on waiver of indebtedness of the Department of Veterans Affairs (VA) Committee on Waivers and Compromises (CWC) at the Regional Office located in Milwaukee, Wisconsin. Jurisdiction over the matter resides with the RO in St. Louis, Missouri.

The Board notes that additional argument was submitted in September 2014, when a letter addressed to the Veteran's Senator was received, as well as his letter directly to the Board. Because this evidence is duplicative of other statements and argument previously submitted by the Veteran, it is not considered "pertinent evidence" requiring consideration by the agency of original jurisdiction under 38 C.F.R. § 20.1304(c) (2014). 


FINDINGS OF FACT

1. The Veteran was convicted of a felony on October 18, 2010, and as of that date, he was incarcerated in a state prison; December 17, 2010, was the 61st day of his incarceration following the conviction. 

2. During the period for which the overpayment was created, beginning December 17, 2010, the Veteran was receiving compensation benefits above the 10 percent rate.

3. There is no indication of fraud, misrepresentation or bad faith on the part of the Veteran in the creation of this debt.

4. Because the Veteran did not notify VA of his incarceration, he is at least partially at fault in the creation of this debt.

5. Recovery of this overpayment will not subject the Veteran to undue hardship.

6. A waiver of repayment of this debt would result in unfair enrichment to the Veteran.

7. Denial of the waiver request would not defeat the purpose of the award of VA benefits.

8. There is no indication the Veteran relinquished a valuable right or incurred a legal obligation in reliance upon the additional benefits received.


CONCLUSIONS OF LAW

1. A valid debt was properly created resulting from an overpayment of VA compensation dependency benefits, beginning December 17, 2010. 38 U.S.C.A. 
§§ 5107, 5313 (West 2014); 38 C.F.R. § 1.956, 3.665 (2014).

2. The criteria are not met for waiver of recovery for the overpayment of VA compensation benefits. 38 U.S.C.A. § 5302 (West 2002); 38 C.F.R. §§ 1.963, 1.965 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA's Duty to Notify and Assist

In this case, the Veteran claim involves the validity of a creation of an overpayment and a request for waiver of recovery of overpayment, involving Chapter 53 of Title 38 of the Unites States Code. Therefore, the duty to notify provisions of the VCAA do not apply. Lueras v. Principi, 18 Vet. App. 435 (2004). To the extent that VA's duty to assist may apply (see Edwards v. Peake, 22 Vet.App. 57, 60 (2008)), the Board finds no deficiency in this case. The Veteran has not identified any outstanding records or additional evidence that is necessary to decide the appeal, nor any other deficiency in the duty to assist that would result in prejudice with the Board proceeding with an appellate decision at this time.

Validity of the Debt

The preliminary issue of the validity of a debt is a threshold determination that must be made prior to a decision on a request for waiver of the indebtedness. See Schaper v. Derwinski, 1 Vet. App. 430 (1991). The Veteran in this case contends that he notified a VA representative that he was incarcerated. Essentially, he maintains that the overpayment was not his fault, and is therefore not valid.

An overpayment is created when VA determines that a beneficiary or payee has received monetary benefits to which he or she is not entitled. See 38 U.S.C.A. 
§ 5302; 38 C.F.R. § 1.962. An overpayment may arise from virtually any benefits program administered pursuant to VA law, including pension, compensation, dependency and indemnity compensation, education educational assistance benefits and subsistence allowance, insurance benefits, burial and plot allowances, clothing allowance, and automobile or other conveyance and adaptive equipment allowances. See 38 C.F.R. § 1.956(a) (2014). The provisions of 38 U.S.C.A. 
§ 5313 provide for limitation on payment of compensation for persons incarcerated for conviction of a felony. For the period beginning on the sixty-first day of such incarceration and ending on the day such incarceration ends, the rate of compensation payable to a veteran with a service-connected disability rated at 20 percent or more is limited to the amount of 10 percent, or $123.00 per month. 
38 U.S.C.A. §§ 5313(A)(1)(a), 1114(a). 

As an initial matter, the Veteran does not assert that the amount of the debt in incorrect; rather, he disagrees that he should be responsible for any debt given the fact that he notified VA of his incarceration of a felony. However, there is no dispute that the Veteran was incarcerated in October 2010, or that his sixty-first day of such incarceration was December 17, 2010. It is likewise undisputed that, even though he was incarcerated for a felony, he continued to receive additional compensation at a 100 percent level of $2,471.00 per month. See July 2007 rating decision and monthly entitlement amount. 

The law, as noted above, clearly indicates that, beginning on the sixty-first day of incarceration for a felony conviction, the Veteran's compensation will be limited to the 10 percent level. Thus, he should not have continued to receive disability benefits at the 100 percent level. The amount of the overpayment debt was determined to be $13,940.00, which was calculated on the amount of additional compensation benefits he received, beginning December 17, 2010, the sixty-first day following his incarceration after conviction of a felony, in accordance with 
38 U.S.C.A. § 5313. Because the Veteran continued to receive higher compensation payments to which he was not entitled, the Board concludes the overpayment in question is a valid debt.

Waiver of Recovery of Overpayment

As this debt was found to be validly created, the Board turns to the issue of whether this debt may be waived. In this regard, the Veteran asserts that he notified VA of his incarceration. Therefore, he contends that any overpayment created is not his fault and that he should not be required to repay it. Recovery of overpayment of any benefits made under laws administered by VA shall be waived if there is no indication of fraud, misrepresentation, or bad faith on the part of the person or persons having an interest in obtaining the waiver and recovery of the indebtedness from the payee who received such benefits would be against equity and good conscience. 38 U.S.C.A. § 5302; 38 C.F.R. § 1.963. The phrase "equity and good conscience" means arriving at a fair decision between the obligor, i.e. the Veteran in this case, and the government. 38 C.F.R. § 1.965 (2014).

In making this determination, consideration will be given to the following factors, which are not intended to be all-inclusive: (1) the fault of the debtor; (2) balancing of faults between the debtor and the VA; (3) undue hardship of collection on the debtor; (4) a defeat of the purpose of an existing benefit to the Veteran; (5) the unjust enrichment of the Veteran; and (6) whether the Veteran changed positions to his detriment in reliance upon a granted VA benefit. 38 U.S.C.A. § 5302; 38 C.F.R. § 1.965(a).

In the evaluation of whether equity and good conscience necessitates a favorable waiver decision, the Board must consider all the specifically enumerated elements applicable to a particular case. Ridings v. Brown, 6 Vet. App. 544, 546 (1994); Cullen v. Brown, 5 Vet. App. 510, 512 (1993). If warranted, the Board may waive a portion of the debt. Jordan v. Brown, 10 Vet. App. 171 (1997). When, in fully weighing and balancing each equitable factor, there is an approximate balance of positive and negative evidence as to any material issue, VA shall give the Veteran the benefit of the doubt. 38 U.S.C.A. § 5107(b); see also Dela Cruz v. Principi, 
15 Vet. App. 143, 148-49 (2001).

In this case, the Committee on Waivers and Compromises found that there was no bad faith in the creation of this overpayment, and the Board agrees. Because there is no indication that the Veteran deliberately hid his incarcerated status in an attempt to obtain additional benefits, the facts of this case do not rise to the level of fraud, misrepresentation, or bad faith.

Turning next to whether the collection of the overpayment would be against "equity and good conscience" under 38 U.S.C.A. § 5302(a) or 38 C.F.R. § 1.963(a), the Board reiterates that the standard of equity and good conscience will be applied when the facts and circumstances in a particular case indicate a need for reasonableness and moderation in the exercise of the government's rights. 
38 C.F.R. § 1.965(a). The first and second elements for consideration pertain to the fault of the debtor versus the fault of VA. 

Here, the Veteran maintains that he notified VA of his incarceration and that it is not his fault that VA continued to pay him additional dependency benefits. However, a thorough review of the documents contained within the claims folder failed to reveal a copy of any letter from the Veteran following his conviction and incarceration or any report of contact suggesting that the Veteran may have called a VA representative regarding his status even though he had been in regular contact with VA up until mere days prior to his incarceration. See VA Form 21-4138 dated October 14, 2010. In contemplating the amount of probative weight to assign the Veteran's statements, the Board acknowledges that he is competent to report having provided notice of his incarceration to VA. However, in determining whether statements submitted by a veteran are credible, however, the Board may consider internal consistency, facial plausibility, and consistency with other evidence submitted on behalf of the claimant. Caluza v. Brown, 7 Vet. App. 498 (1995). In this case, the Veteran has not provided any details regarding the dates and nature of his alleged communications with a VA representative. Additionally, the Board finds the Veteran's contention that he continued to accept the higher payments because he did not know that his payments would be reduced to be disingenuous. A review of the file reflects that, in September and November 2002, VA sent letters to the Veteran specifically informing him of the laws that pertain to the adjustment of benefits for veterans convicted of a felony. The September 2002 letter in particular expressly stated that "[t]he current law does not allow full receipt of VA disability benefits if you have been confined for more than 60 days aft3er conviction for a felony." Moreover, the fact that VA was in receipt of a letter only days prior to his incarceration but no communications following his incarceration until he received notice of the proposed reduction in benefits also suggests that the Veteran's allegations lack credibility. See Madden v. Gober, 125 F.3d 1477, 1481 (1997) (the Board is entitled to discount the credibility of evidence in light of its own inherent characteristics and its relationship to other items of evidence). 

Accordingly, the Board finds that the weight of the evidence suggests that the Veteran failed to timely inform VA of his felony incarceration. Because a claimant bears the responsibility of keep the RO appraised of his or her status, the Board finds that he bears primary fault in the creation of the overpayment at issue. Moreover, because VA took immediate action to notify the Veteran of the proposed decrease in benefits based upon learning of his incarceration, any fault on VA's part is extremely minimal. 

With respect to the third element, whether the Veteran would be subjected to undue hardship if the debt were recovered in this case, the Board finds particularly significant that, during the time the Veteran incurred and was appraised of the debt, he was still incarcerated and thus did not have any daily expenses for his living situation. An August 2011 financial status report indicated that the Veteran is also in receipt of Social Security Administration benefits, a September 2011 E-mail noted that there was no record of bankruptcy in the Veteran's name, and a recent October 2014 rating decision again restored disability benefits to the Veteran at the 100 percent level effective September 18, 2014. Accordingly, there is no undue hardship to the Veteran in this case.

Also, the Board finds that a waiver of overpayment would cause unjust enrichment to the Veteran in this case. To offer a waiver of this overpayment debt would be an unfair reward, especially in light of the fact that the Veteran was at least partly responsible for the creation of the debt.

Next, the Board has considered whether recovery of the overpayment would defeat the purpose for which the benefits were intended. To reiterate above, the Veteran received benefits in excess of the amount he was entitled to under law because he collected a higher disability payment than authorized during his period of incarceration for a felony conviction. The Board finds that recovery of the debt confirms rather than defeats the purpose of the dependency payments because the applicable regulations account for the fact that the Veteran's daily needs are being met during his time of incarceration. 

Finally, the Veteran has not claimed that he relinquished any right or incurred any legal obligation or that he relied upon VA to his detriment, nor do the facts show such. Thus, this element does not support the appellant's request for a waiver of overpayment.

After weighing all of the enumerated factors, and relying heavily on the factors of fault and the finding of no undue hardship in particular, the Board finds that total recovery of the overpayment does not violate the principles of equity and good conscience.

In light of the discussion above, the Board finds that the preponderance of the evidence is against the Veteran's appeal, and waiver of recovery of the overpayment of VA compensation benefits is not warranted. 



ORDER

An overpayment of VA compensation benefits in the amount of $13,940.00 was properly created.

Waiver of recovery of an overpayment of VA compensation benefits in the amount of $13,940.00 is denied.



____________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs