Citation Nr: 1504652 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 09-34 083 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for chronic obstructive pulmonary disease (COPD), to include as secondary to service-connected diabetes mellitus.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. Honan, Associate Counsel






INTRODUCTION

The Veteran served on active duty from July 1954 to July 1957 and from September 1965 to December 1978. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDING OF FACT

The evidence shows that the Veteran's respiratory disorder had its onset in service. 


CONCLUSION OF LAW

The criteria for service connection for COPD have been met. 38 U.S.C.A. §§ 1110, 1154(a), 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.310 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

In this decision, the Board grants service connection for COPD, which represents a full grant of the benefit sought. As such, a discussion of VA's duties to notify and assist is unnecessary. 

In seeking VA disability compensation, a veteran generally seeks to establish that a current disability results from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110. "Service connection" basically means that the facts, shown by evidence, establish that a particular injury or disease resulting in disability was incurred coincident with active service in the Armed Forces, or if preexisting such service, was aggravated therein. 

Establishing direct service connection generally requires (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service occurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Hickson v. West, 12 Vet. App. 247, 253 (1999); 38 C.F.R. § 3.303(a).

Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d).

Additionally, service connection may be granted for a disability that is proximately due to or the result of a service-connected disability, which includes the degree of disability resulting from aggravation of a nonservice-connected disability by a service-connected disability. See 38 C.F.R. § 3.310(a); Allen v. Brown, 7 Vet. App. 439, 448 (1995). To prevail on the issue of secondary service causation, the record must show (1) evidence of a current disability, (2) evidence of a service-connected disability, and (3) medical nexus evidence establishing a connection between the current disability and the service-connected disability. Wallin v. West, 11 Vet. App. 509, 512 (1998); Reiber v. Brown, 7 Vet. App. 513, 516-17 (1995).

In making all determinations, the Board must fully consider the lay assertions of record. A layperson is competent to report on the onset and continuity of his current symptomatology. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a Veteran is competent to report on that of which he or she has personal knowledge). Lay evidence can also be competent and sufficient evidence of a diagnosis or to establish etiology if (1) the layperson is competent to identify the medical condition; (2) the layperson is reporting a contemporaneous medical diagnosis; or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). When considering whether lay evidence is competent the Board must determine, on a case by case basis, whether the Veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau, 492 F.3d at 1376-77. 

The Board is charged with the duty to assess the credibility and weight given to evidence. Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997), cert. denied, 523 U.S. 1046 (1998); Wensch v. Principi, 15 Vet. App. 362, 367 (2001). Indeed, in Jefferson v. Principi, 271 F.3d 1072 (Fed. Cir. 2001), the United States Court of Appeals for the Federal Circuit (Federal Circuit), citing its decision in Madden, recognized that that Board had inherent fact-finding ability. Id. at 1076; see also 38 U.S.C.A. § 7104(a) (West 2002). Moreover, the Court has declared that in adjudicating a claim, the Board has the responsibility to weigh and assess the evidence. Bryan v. West, 13 Vet. App. 482, 488-89 (2000); Wilson v. Derwinski, 2 Vet. App. 614, 618 (1992). 

As a finder of fact, when considering whether lay evidence is satisfactory, the Board may also properly consider internal inconsistency of the statements, facial plausibility, consistency with other evidence submitted on behalf of the Veteran, and the Veteran's demeanor when testifying at a hearing. See Dalton v. Nicholson, 21 Vet. App. 23, 38 (2007); Caluza v. Brown, 7 Vet. App. 498, 511 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir. 1996). 

The Board notes at the outset that while the Veteran originally claimed service connection for COPD as secondary to his diabetes mellitus, both he and his representative subsequently asserted that COPD was directly related to service. Therefore, the Board will consider both theories of direct service connection and secondary service connection. 

While the Veteran's service treatment records do not contain a specific diagnosis of COPD, there is ample documentation of respiratory symptoms and problems throughout the Veteran's active service. For example, a June 1967 service treatment record noted wheezing at the right mid lung area. The clinician noted an impression of viremia with generalized lymphadenitis and possible atypical pneumonitis. He also determined that the Veteran's secondary muscles of respiration were hypertrophied. In September 1969, the Veteran presented with shortness of breath, wheezing, and lightheadedness. A narrative summary from February 1971 stated that the Veteran was admitted to the hospital with a three-day history of fever, myalgia, and productive cough, as well as malaise and shaking chills. He was initially diagnosed with pneumonia, although the second page of the narrative summary indicated that the diagnosis had been revised to that of "bronchitis, mild" and "viremia." The Veteran was discharged from the hospital after six days. A service treatment record from September 1975 noted a common cold with persistent coughing, and there are notations of symptoms such as cough, chest pain, and general malaise in March 1976, April 1976, and October 1976. 

A reenlistment examination from August 1976 reflected an abnormality of the lungs and chest, although the Veteran was ultimately found to be qualified for reenlistment. Soon thereafter, in October 1976, chest x-rays were interpreted as revealing findings compatible with chronic bronchitis, and an October 1978 report of medical history at separation reflected that the Veteran had been hospitalized for pneumonia, and included a notation of chest pain with irregular rhythm. Nevertheless, the accompanying report of medical examination at separation from service evaluated the Veteran's chest and lungs as normal, although this appears to have been a cursory review. 

A list of the Veteran's hospital visits to the Medical Center of Plano since 1982 reflected that the earliest hospital visit for shortness of breath occurred in September 2002, and the earliest visit for chest pain occurred in December 2000. Private treatment records reflected that a pulmonologist diagnosed COPD with asthma in 2008. 

In June 2008, the Veteran was afforded a VA examination that addressed whether his COPD was related to diabetes mellitus. The Veteran reported that his doctor had told him that his asthma and COPD began at approximately age 40 (which would have been 1977) and had been progressive for 30 years. He reported having a serious case of pneumonia in service. He stated that he smoked from 1954 to 1974 at a rate of one pack per day. The examiner noted that chest X-rays were normal. He diagnosed COPD and opined that the condition was related to a combination of allergies and smoking, and that it was not caused or aggravated by diabetes. The examiner noted that his conclusions were only tentative, because at that time the Veteran's private medical records had not yet been associated with his claims file and were needed for a full opinion. 

In March 2010, the Veteran was provided an additional VA examination that addressed his COPD. The examiner reviewed the claims file, including all of the private medical records that had since been associated with it. The examiner provided a definitive opinion that the Veteran's COPD was not caused or aggravated by his service-connected diabetes mellitus. 

In a February 2011 statement relating to a separate claim not currently on appeal, the Veteran stated that he had experienced a chronic cough and hoarseness ever since leaving service, and that he had been treated at various times for COPD, asthma, bronchiestesis, and other lung disorders. 

In an August 2014 VA addendum opinion, a second VA examiner opined that the Veteran's COPD was not at least as likely as not related to service, and that it was likely caused by tobacco use. However, the examiner's medical opinion only referenced a single instance of wheezing in the service treatment records, and did not discuss the multitude of other respiratory symptoms that had manifested during service and were well-documented in the records. The examiner discounted the Veteran's report of his private doctor telling him that his COPD had its onset at age 40, when the Veteran is competent to report what his doctor told him. The examiner also based his negative nexus opinion on a thirty-year smoking history, when in fact the evidence shows that the Veteran only smoked from 1954 to 1974 at a rate of one pack per day, and had not smoked for the past forty years. The examiner stated that there was no persistent or chronic respiratory condition demonstrated by the service treatment records, but did not address the October 1976 reference to chronic bronchitis. 

In short, while the medical evidence does not demonstrate a link between the Veteran's diabetes mellitus and his COPD, it does show that the Veteran's COPD is directly related to service. The Veteran's service treatment records spanning from 1954 to 1978 document numerous respiratory problems, which at one point required hospitalization, as well as a diagnosis of chronic bronchitis. The Veteran has competently and credibly reported experiencing a chronic cough and hoarseness ever since leaving service, and being treated at various times for COPD, asthma, bronchiestesis, and other lung disorders in the intervening period since service. 

While there is a single, negative VA opinion of record that addressed service connection for COPD on a direct basis, that opinion appears to be based on faulty premises. The examiner only found one instance of a respiratory complaint in service, when in fact the service treatment records clearly document a multitude of respiratory problems, include one instance severe enough to require hospitalization. The medical opinion also stated that no chronic respiratory condition was demonstrated by the service treatment records, when chronic bronchitis had been indicated. The examiner also relied on an incorrectly inflated smoking history, and discounted critical reports as to a continuity of respiratory symptoms since service that the Veteran was both competent and credible to provide. 

Given the shortcomings in the VA medical opinion addressing direct service connection, and as the service treatment records document a history of respiratory problems in service, combined with the Veteran's competent and credible reports of continued respiratory problems since service, the Board finds that the evidence is sufficient to warrant service connection for COPD on a direct basis. 


ORDER

Service connection for COPD is granted.



____________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs