﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 190409-19351
DATE: June 16, 2020

REMANDED

Entitlement to service connection for an acquired psychiatric disorder including posttraumatic stress disorder (PTSD) and schizophrenia is remanded.

REASONS FOR REMAND

The Veteran served on active duty with the United States Army from September 1961 to August 1962.

This appeal comes to the Board of Veterans’ Appeal (Board) under the Appeals Modernization Act (AMA) review system. 84 Fed. Reg. 138 (Jan. 18, 2019).

Specifically, this matter comes before the Board of Veterans’ Appeals (Board) on appeal from a January 2019 rating decision that after finding new and relevant evidence to reopen the claim of service connection for an acquired psychiatric disorder including PTSD and schizophrenia denied the claim on the merits. Under the AMA, the Board is bound by this favorable regional office (RO) action. Id. 

In the April 2019 VA form 10182, Decision Review Request: Board Appeal (AMA Notice of Disagreement), the Veteran elected the Hearing Review Lane.

In January 2020, the Veteran thereafter testified at a video hearing before the undersigned and a transcript of that video hearing has been associated with the claims file.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is remanding the appeal for further development, this additional evidence will be considered by the RO in the adjudication of those claims.

Entitlement to service connection for an acquired psychiatric disorder including PTSD and schizophrenia is remanded.

As to the claim of service connection for an acquired psychiatric disorder including PTSD and schizophrenia, the Board finds that a remand is required to correct a pre-decisional error in the duty to assist.

Specifically, and as noted by the Veteran’s representative at the January 2020 personal hearing, the January 2019 VA psychiatric examination is not adequate because the examiner’s opinion as to whether the Veteran meets the criteria for a diagnosis of PTSD are internally inconsistent. 

Specifically, while the examiner in the first part of the examination report opines that the Veteran’s in-service stressor is “adequate to support the diagnosis of PTSD,” the examiner on the last page of the examination report opines that the “claimed military stressor is not adequate to support a diagnosis of PTSD.” See Madden v. Gober, 125 F.3d. 1477 1481 (Fed. Cir. 1997) (holding that the Board is entitled to discount the credibility of evidence in light of its own inherent characteristics and its relationship to other items of evidence).

The Board also finds that January 2019 VA psychiatric examination is not adequate because the examiner fails to provide any reasoning as to why it was opined that the Veteran’s diagnosed other specified trauma and stressor related disorder is not due to his military service. See Black v. Brown, 5 Vet. App. 177, 180 (1995) (holding that a medical opinion is inadequate when it is unsupported by clinical evidence).

Therefore, the Board finds that a remand is required to provide the Veteran with a new VA examination to obtain adequate etiology opinions. See 38 U.S.C. § 5107(d); Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (holding that when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate).

As to the claim of service connection for an acquired psychiatric disorder including PTSD and schizophrenia, the Veteran at his personal hearing, writings to VA, and his VA examination claims his disability was caused by someone throwing a grenade into the fox hole he was in and thereafter someone else threatening him with a bayonet (i.e., a personal assault) while in training in Augsburg, Germany in 1962. 

It is important for the Veteran to understand that the Board cannot obtain records from more than 50 years ago regarding such events. However, the record does not reveal that during the pendency of the appeal the Veteran was provided a personal assault letter in accordance with 38 C.F.R. § 3.304(f)(5) which explained to him the alternative sources of evidence he could obtain to verify his in-service stressor. 

Therefore, the Board finds that a remand is required to provide the Veteran with this letter. See 38 C.F.R. § 19.9.

The appeal is REMANDED for the following actions:

1. In order to correct a pre-decisional error in the duty to assist, provide the Veteran with a personal assault letter in accordance with 38 C.F.R. § 3.304(f)(5).

2. In order to correct a pre-decisional error in the duty to assist, schedule the Veteran for a VA examination with a suitably-qualified medical professional to address the diagnoses and etiology of his acquired psychiatric disorders including PTSD and schizophrenia. The claims file should be made available and reviewed by the examiner in conjunction with conducting the examination. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed.

Following consideration of the evidence of record (both lay and medical) and all evidence obtained during the examination, the examiner is asked to address the following:

a. Provide diagnoses of all acquired psychiatric disorders.

b. Provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that any acquired psychiatric disorder including PTSD and schizophrenia were caused by the Veteran’s military service.

c. Provide an opinion as to whether a psychosis developed in the first post-service year.

In providing answers to the above questions, the examiner should take into account the fact that this Veteran is presumed to have been in sound condition upon his entry onto active duty because his September 1961 entry examination did not diagnose an acquired psychiatric disorder even if subsequent service treatment records state that he entered service with an acquired psychiatric disorder. 

In providing answers to the above questions, the examiner should consider and discuss the Veteran’s service treatment and the post-service treatment records that document his complaints and treatment for schizophrenic reaction including the February 1963 VA examination.

In providing answers to the above questions, the examiner should consider and discuss the Veteran’s competent lay claims regarding observable symptomatology.

As to the PTSD claim, if the Veteran does not meet the AMERICAN PSYCHIATRIC ASSOCIATION: DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 5th Edition (DSM V) criteria for a diagnosis, the examiner must explain this finding in light of the diagnoses of PTSD found in the claimant’s treatment records as well as in William Lorber, Ph.D.’s September 2019 letter.

In providing answers to the above questions, the examiner should consider the fact that all acquired psychiatric disorders other than PTSD do not required a confirmed stressor and PTSD only requires a confirmed stress or if the PTSD is due to fear of hostile military or terrorist activity like being stationed in a war zone. See 38 C.F.R. § 3.303; 38 C.F.R. § 3.304(f). 

In providing answers to the above questions, the examiner is also advised that the term “at least as likely as not” does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of conclusion as it is to find against 

The examiner must include in the medical report the rationale for any opinion expressed. 

However, if the examiner cannot respond to an inquiry without resort to speculation, he or she should so state, and further explain why it is not feasible to provide a medical opinion, indicating whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or in the examiner (i.e. additional facts are required, or the examiner does not have the needed knowledge or training).

 

 

John J. Crowley

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board N.T. Werner, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.