﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 191209-48557
DATE: August 31, 2020

ORDER

Entitlement to service connection for tinnitus is denied.

REMANDED

Entitlement to service connection for allergic rhinitis is remanded.

FINDING OF FACT

Tinnitus was not manifest during service and an organic disease of the nervous system was not manifest within one year of separation. Tinnitus is unrelated to service.

CONCLUSION OF LAW

Tinnitus was not incurred in or aggravated by service and an organic disease of the nervous system may not be presumed to have been incurred therein. 38 U.S.C. §§ 1101, 1110, 1112, 1113; 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from January 1996 to January 2000.

This appeal stems from a November 2019 rating decision issued under the provisions of the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs’ (VA) decision on their claim to seek review. The Veteran chose Direct Review by a Veterans Law Judge. This Board decision is consistent with the new AMA framework.

The November 2019 rating decision on appeal explicitly determined that the Veteran had diagnoses of tinnitus and allergic rhinitis. The Board is bound by these favorable findings. AMA, Pub. L. No. 115-55 § 5104A, 131 Stat. 1105, 1106-07.

1. Entitlement to service connection for tinnitus

Veterans are entitled to compensation if they develop a disability “resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty.” 38 U.S.C. § 1110 (wartime service), 1131 (peacetime service).

To establish entitlement to service-connected compensation benefits, a Veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service -the so-called ‘nexus’ requirement.” Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service establishes that the disability was incurred in service. 38 C.F.R. § 3.303 (d). 

The determination as to whether these requirements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. See Baldwin v. West, 13 Vet. App. 1, 8 (1999).

Tinnitus is considered an organic disease of the nervous system, which is identified as a “chronic disease” under 38 U.S.C. § 1101 and 38 C.F.R. § 3.309 (a). 

“For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word “Chronic.” When the disease identity is established (leprosy, tuberculosis, multiple sclerosis, etc.), there is no requirement of evidentiary showing of continuity. Continuity of symptomatology is required only where the condition noted during service (or in the presumptive period) is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. When the fact of chronicity in service is not adequately supported, then a showing of continuity after discharge is required to support the claim.” 38 C.F.R. § 3.303 (b).

The Veteran contends that tinnitus is due to noise exposure during active service, specifically as the result of small arms training without adequate hearing protection. Personnel records indicate that the Veteran’s MOS was Information Management Journeyman. His DD Form 214 confirms that he underwent Basic Military Training. He is competent to report exposure to noise during small arms training and the Board finds no reason to question the credibility of such statements.

Service treatment records do not document any relevant complaints, symptoms, treatment or diagnoses. In a November 1999 Report of Medical Assessment, the Veteran did not reference tinnitus and indicated that he did not have any questions or concerns regarding his health. He indicated that he was “uncertain” as to whether he intended to seek VA disability compensation. The Veteran underwent a separation examination and the assessment was “fit,” with no indication of tinnitus or relevant symptoms.

The Veteran filed his compensation claim for tinnitus in August 2019. Subsequent to his claim, he was afforded a November 2019 VA examination to determine the etiology of his tinnitus. At the examination, the Veteran reported that tinnitus onset during his teens with head and sinus issues. Ultimately, the November 2019 VA examiner opined that the Veteran’s tinnitus was less likely than not related to service. She cited service treatment records and his MOS, indicating limited exposure to hazardous noise. In rendering this opinion, the examiner considered the Veteran’s lay statements. 

In adjudicating a claim, the Board is charged with the duty to assess the credibility and weight given to evidence. See Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997). Competency of evidence differs from weight and credibility. The former is a legal concept determining whether testimony may be heard and considered by the trier of fact, while the latter is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997).

The probative value of a medical opinion primarily comes from its reasoning; threshold considerations are whether a person opining is suitably qualified and sufficiently informed. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). In this case, the Board accepts the November 2019 VA medical opinion that tinnitus is not related to the Veteran’s active service as highly probative medical evidence on this point. The Board notes that the examiner rendered the opinion after thoroughly reviewing the claims file and relevant medical records. The examiner noted the Veteran’s pertinent history and provided a reasoned analysis of the case. See Hernandez-Toyens v. West, 11 Vet. App. 379, 383 (1998); Gabrielson v. Brown, 7 Vet. App. 36, 40 (1994). 

The Board has considered the lay statements of the Veteran regarding tinnitus. The Veteran is competent to provide evidence of which he experiences, including his symptomatology and medical history. See Layno v. Brown, 6 Vet. App. 465, 469 (1994). The Veteran is competent to report what he experienced. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). However, the Board does not find his statements to be as probative as the VA examiner’s opinion, which was based on a review of the record, thorough examination, consideration of the lay statements and the VA examiner’s medical expertise. Notably, the Veteran has not indicated that a medical professional provided him with a diagnosis of tinnitus during active service.

The Veteran separated from active service in January 2000. Tinnitus was not noted during service. Clinical evaluation upon separation did not reveal tinnitus and the Veteran did not report any relevant symptoms. The Veteran did not have characteristic manifestations enough to identify the disease entity. 38 C.F.R. § 3.303 (b). Here, there is no reliable evidence of tinnitus during service or within one year of separation. To the extent that he reports that he had tinnitus during service, such remote statement is at odds with the service records. His remote statement of tinnitus during service or within one year is not credible.

In sum, the Board finds that the preponderance of the evidence is against the claim of entitlement to service connection for tinnitus. Tinnitus is not related to service. The Board finds that the preponderance of the evidence is against the claim and the claim must be denied.

REASONS FOR REMAND

1. Entitlement to service connection for allergic rhinitis is remanded.

Under the AMA framework, where there are pre-decisional, duty-to-assist errors it is permissible for the Board to have them corrected before deciding the claims on appeal. This appeal as to the issue of service connection for allergic rhinitis is remanded to correct a duty-to-assist error that occurred prior to the November 2019 rating decision on appeal. 

The AOJ did not obtain a VA medical opinion to determine the etiology of the Veteran’s allergic rhinitis. As previously noted, the RO found that the Veteran has a current diagnosis. The rating decision indicates that service treatment records do not reveal any notations specific to allergic rhinitis. However, after a review of service treatment records the Board notes a March 1999 report of allergies and sinus problems. When these documented in-service complaints are viewed in concert with the current diagnosis, the Board finds that failure to obtain a VA medical opinion was a pre-decisional, duty-to-assist error. See McClendon v. Nicholson, 20 Vet. App. 79 (2006). The Board will remand to correct this error.

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the etiology of his allergic rhinitis. 

Based on a review of the record, the examiner should:

Provide an opinion as to whether it is at least as likely as not (i.e. probability of 50 percent or greater) that allergic rhinitis is causally or etiologically related to the Veteran’s active service.

A complete rationale for any opinion expressed should be provided in a report. The Veteran is competent to report symptoms and treatment, and his reports must be taken into account, along with the other evidence of record.

 

 

H. N. SCHWARTZ

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board W. R. Stephens, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.