﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200426-81405
DATE: March 31, 2021

ORDER

Service connection for insomnia is granted.

FINDING OF FACT

Resolving all doubt in the Veteran’s favor, the record shows that the Veteran’s insomnia is caused by his service-connected PTSD.

CONCLUSION OF LAW

The criteria for service connection of insomnia have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Air Force from June 1985 to June 1992.

The Board notes the agency of original jurisdiction decision on appeal was issued in April 2020. In May 2020, the Veteran filed a VA Form 10182 in response to the April 2020 rating decision, electing the Direct Review docket. 38 C.F.R. § 19.2(d). As such, the Board may only consider the evidence of record at the time of the notice of the April 2020 AMA rating decision notification.

Service Connection

In general, service connection may be granted for a disability or injury incurred in or aggravated by active military service. See 38 U.S.C. § 1110; 38 C.F.R. § 3.303. To prevail on a direct service connection claim, there must be competent evidence of (1) a current disability, (2) an in-service incurrence or aggravation of a disease or injury, and (3) a nexus between the in-service disease or injury and the current disability. See Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009); 38 U.S.C. § 1110; 38 C.F.R. § 3.303. Service connection may also be established by credible lay evidence and medical evidence provided by the Veteran or otherwise. See 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303 (2018).

Also, service connection may also be found on a secondary basis where the following criteria is met: (1) a current disability that is not already service-connected; (2) at least one service-connected disability; and, (3) evidence that the non-service-connected current disability is either proximately due to or as the result of a service connected disability; or, aggravated by a service connected disability. See 38 C.F.R. § 3.310 (2018); see also El-Amin v. Shinseki, 26 Vet. App. 136 (2013); Allen v. Brown, 7 Vet. App. 439 (1995).

In order to prevail under a theory of secondary service connection, the evidence must demonstrate an etiological relationship between (1) a service-connected disability or disabilities and (2) the condition said to be proximately due to the service-connected disability or disabilities. See Buckley v. West, 12 Vet. App. 76, 84 (1998); see also Wallin v. West, 11 Vet. App. 509, 512 (1998). In addition, secondary service connection may also be found in certain instances when a service-connected disability aggravates another condition. See Allen v. Brown, 7 Vet. App. 439 (1995); 38 C.F.R. § 3.310 (b).

Thus, service connection may be established either by showing (1) direct service incurrence or aggravation, (2) an etiological relationship between the claimed condition and a service-connected disability, or (3) using applicable presumptions, if available. See Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).

The United States Court of Appeals for the Federal Circuit held that “pain in the absence of a presently-diagnosed condition can cause functional impairment,” which may qualify as a “disability” for VA compensation purposes. Saunders v. Wilkie, 886 F.3d 1356, 1368 (Fed. Cir. 2018). The Federal Circuit in Saunders, however, cautioned against the notion that “a veteran could demonstrate service connection simply by asserting subjective pain” because, to establish that a disability is present, the veteran “will need to show that... pain reaches the level of a functional impairment of earning capacity.” Id. at 1367-68. “Functional impairment,” the Federal Circuit noted, is defined as the inability of the body or a constituent part of it “to function under the ordinary conditions of daily life including employment.” Id. at 1363 (quoting 38 C.F.R. § 4.10). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. See Alemany v. Brown, 9 Vet. App. 518 (1996).

Determinations as to service connection will be based on review of the entire evidence of record, to include all pertinent medical and lay evidence, with due consideration to VA’s policy to administer the law under a broad and liberal interpretation consistent with the facts in each individual case. See 38 U.S.C. § 1154 (a); 38 C.F.R. § 3.303 (a).

The Board is charged with the duty to assess the credibility and weight given to evidence. Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997), cert. denied, 523 U.S. 1046 (1998); Wensch v. Principi, 15 Vet. App. 362, 367 (2001). Indeed, in Jefferson v. Principi, 271 F.3d 1072 (Fed. Cir. 2001), the United States Court of Appeals for the Federal Circuit (Federal Circuit), citing its decision in Madden, recognized that that Board had inherent fact-finding ability. Id. at 1076; see also 38 U.S.C. § 7104 (a) (West 2002). Moreover, the United States Court of Appeals for Veterans Claims (Court) has declared that in adjudicating a claim, the Board has the responsibility to weigh and assess the evidence. Bryan v. West, 13 Vet. App. 482, 488-89 (2000); Wilson v. Derwinski, 2 Vet. App. 614, 618 (1992). 

Insomnia

The Veteran seeks service connection for his insomnia condition. In support, his medical record shows that he suffers and receives treatment for his insomnia and PTSD. See VA medical treatment record (March 2019).

The Veteran is diagnosed with insomnia as a separate diagnosis caused by his PTSD. Id. Additionally, on March 2020, a VA examiner opined that the Veteran’s insomnia was caused by his PTSD. See VA medical examination (March 2020).

The Board acknowledges that on an April 2020 rating decision the RO stated that they cannot grant secondary or aggravated service connection because mental conditions with coexisting symptomology cannot be rated separately due to overlapping manifesting symptoms. See Rating decision (April 2020).

However, the Board finds that service connection for insomnia is warranted. Indeed, the March 2020 VA examiner stated that the Veteran’s insomnia is secondary to his PTSD. Thus, relating his service-connected PTSD with his insomnia condition. Further, the Federal Circuit has stated that service connection for multiple acquired psychiatric disorders is not necessarily precluded. See Amberman v. Shinseki, 570 F.3d 1377, 1380 (Fed. Cir. 2009) (holding that two psychiatric conditions “could have different symptoms and it could therefore be improper in some circumstances for the VA to treat these separately diagnosed conditions as producing only the same disability”).

Here, the Veteran is currently service connected for his PTSD, to include major depressive disorder. Additionally, the evidence shows that the Veteran’s insomnia condition is caused by his service-connected PTSD. 

Service connection may be granted for a disability that is proximately due to, or aggravated by, service-connected disease or injury. See 38 C.F.R. § 3.310. Thus, service connection for insomnia is warranted.

In light of the competent lay and medical evidence linking the Veteran’s insomnia, a distinct disability, to his service-connected PTSD, and resolving all reasonable doubt in the Veteran’s favor, the Board finds that service connection for insomnia is warranted because this disability is caused by his service-connected PTSD. As such, service connection is warranted.

 

 

STEVEN D. REISS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Alvarado- Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.