Citation Nr: 1761202 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 12-33 697A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUES

1. Entitlement to an evaluation in excess of 20 percent for degenerative disc disease of the lumbar spine.
 
2. Entitlement to an evaluation in excess of 20 percent for radiculopathy of the right lower extremity prior to April 25, 2017, and in excess of 30 percent thereafter.
 
3. Entitlement to an evaluation in excess of 10 percent for plantar fasciitis of the right foot.

4. Entitlement to a compensable evaluation for an eye disability prior to April 25, 2017, and in excess of 10 percent thereafter.



REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Z. Sahraie, Associate Counsel

INTRODUCTION

The Veteran served on active duty from June 1998 to November 2001, and from January 2003 to December 2004.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a November 2009 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Augusta, Maine.

This matter was previously before the Board in March 2017, at which time it was remanded for further development. It has been returned to the Board for review.

FINDINGS OF FACT

1. Throughout the period on appeal, the Veteran's back disability has not been productive of compensable limitation of motion; or unfavorable or favorable ankylosis; but he has diagnosed intervertebral disc syndrome (IVDS), with incapacitating episodes having a total duration of fewer than four weeks during the past 12 months.

2. The Veteran's radicular symptoms have been manifested by severe incomplete paralysis of the popliteal nerve throughout the current appeal period. 

3. The Veteran's plantar fasciitis has been manifested by severe pain on manipulation and use, with swelling and characteristic callosities, for the entire period on appeal.

4. Prior to April 25, 2017, the record reflects a diagnosis of traumatic cataracts, with uncorrected visual acuity of 20/40+ in the right eye, and 20/20 in the left eye. 
5. From April 25, 2017, the record reflects uncorrected visual acuity of 20/50 in the right eye, and 20/40 in the left eye.

CONCLUSIONS OF LAW

1. The criteria for a rating in excess of 20 percent for a lumbar disability have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.40, 4.45, 4.59, 4.71a, Diagnostic Codes 5242, 5243 (2017).

2. The criteria for a rating of 30 percent for radiculopathy of the right lower extremity have been met for the entire appeal period. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.40, 4.45, 4.59, 4.71a, Diagnostic Code 8521 (2017).

3. The criteria for a rating of 20 percent for plantar fasciitis have been met for the entire appeal period. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.40, 4.45, 4.59, 4.71a, Diagnostic Code 5276 (2017).

4. Prior to April 25, 2017, the criteria for a compensable rating for traumatic cataracts based on loss of visual acuity have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.40, 4.45, 4.59, 4.71a, Diagnostic Codes 6027, 6066 (2017).
 
5. From April 25, 2017, the criteria for a rating in excess of 10 percent for traumatic cataracts based on loss of visual acuity have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.40, 4.45, 4.59, 4.71a, Diagnostic Codes 6027, 6066 (2017).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to notify and assist

In a claim for an increased rating, the VCAA requires only generic notice as to the type of evidence needed to substantiate the claim, namely, evidence demonstrating a worsening or increase in severity of the disability and the effect that worsening has on employment, as well as general notice regarding how disability ratings and effective dates are assigned. Vasquez-Flores v. Shinseki, 580 F.3d 1270 (Fed. Cir. 2009). VA has sent the Veteran letters throughout the claims and appeals process apprising him of the type of evidence needed to substantiate the claims. 

The Board has also satisfied its duty to assist. 38 U.S.C.A. § 5103A; 38 C.F.R. 3.159. VA has obtained all identified and available treatment records for the Veteran. In addition, the Veteran has undergone VA examinations in connection with his claims for increase. The Board finds the examinations adequate, because they have included a review of the medical file, an interview of the Veteran, and examination findings supported by rationale. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). In light of the foregoing, the Board finds that VA has provided the Veteran with every opportunity to submit evidence and arguments in support of his appeal. The Veteran has not identified any outstanding evidence that needs to be obtained. 

Entitlement to an evaluation in excess of 20 percent for degenerative disc disease of the lumbar spine

Disability evaluations are determined by evaluating the extent to which a Veteran's service-connected disability adversely affects his ability to function under the ordinary conditions of daily life, including employment, by comparing his symptomatology with the criteria set forth in the Schedule for Rating Disabilities (Rating Schedule). 38 U.S.C.A. § 1155; 38 C.F.R. §§ 4.1, 4.2, 4.10.

If two evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that evaluation; otherwise, the lower evaluation will be assigned. 38 C.F.R. § 4.7. However, the evaluation of the same disability under various diagnoses, known as pyramiding, is to be avoided. 38 C.F.R. § 4.14. Any reasonable doubt regarding a degree of disability is resolved in favor of the Veteran. 38 C.F.R. § 4.3.

In addition, when assessing the severity of a musculoskeletal disability that is rated on the basis of limitation of motion, VA must, in addition to applying schedular criteria, also consider evidence of pain, weakened movement, excess fatigability, or incoordination and determine the level of associated functional loss in light of 38 C.F.R. § 4.40, which requires VA to regard as "seriously disabled" any part of the musculoskeletal system that becomes painful on use. 38 C.F.R. §§ 4.40, 4.45, 4.59; DeLuca v. Brown, 8 Vet. App. 202, 204-207 (1995). The provisions of 38 C.F.R. §§ 4.40 and 4.45 should only be considered in conjunction with the Diagnostic Codes predicated on limitation of motion. See Johnston v. Brown, 10 Vet. App. 80, 84-5 (1997).

The Veteran's entire history is to be considered when making disability evaluations. See generally 38 C.F.R. § 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995).

"Staged" ratings are appropriate for any rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. See Hart v. Mansfield, 21 Vet. App. 505 (2007).

As with all claims for VA disability compensation, the Board must assess the credibility and weigh all the evidence, including lay and medical evidence, to determine its probative value, accounting for evidence which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997), cert denied, 523 U.S. 1046 (1998).

The Veteran's lumbar spine disability is currently rated under Diagnostic Code 5243 for intervertebral disc syndrome (IVDS) based on incapacitating episodes. He is in receipt of a 20 percent rating for the entire period on appeal.

Disability of the spine may be evaluated under either the General Rating Formula or under the formula for rating intervertebral disc syndrome (IVDS) based on incapacitating episodes, whichever method results in the higher evaluation when all disabilities are combined under 38 C.F.R. § 4.25. Id.

Under the General Rating Formula, a 20 percent rating is assigned for forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees; or, the combined range of motion of the thoracolumbar spine not greater than 120 degrees; or, muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. Id.

A 40 percent rating is assigned for forward flexion of the thoracolumbar spine at 30 degrees or less; or, favorable ankylosis of the entire thoracolumbar spine. A 50 percent rating is assigned for unfavorable ankylosis of the entire thoracolumbar spine. Finally, a 100 percent rating is warranted for unfavorable ankylosis of the entire spine. Id.

Under Diagnostic Code 5243, incapacitating episodes having a total duration of at least 2 weeks but less than 4 weeks during the past 12 months warrants a 20 percent rating. A 40 percent rating is assigned for incapacitating episodes having a total duration of at least 4 weeks but less than 6 weeks during the past 12 months. A 60 percent rating is assigned in the case of incapacitating episodes having a total duration of at least 6 weeks during the past 12 months.

Turning to the evidence of record, the Veteran has received lower back treatment throughout the current appeal period, including physical therapy and chiropractic care, albeit with limited relief. There is no evidence the Veteran has missed significant stretches of work due to back pain. 

Further, the Veteran has never demonstrated compensable loss of range of motion on testing. For instance, testing conducted at a June 2011 VA examination showed flexion to 77 degrees, extension to 18 degrees, left and right lateral flexion to 18 degrees, and left and right lateral rotation to 18 degrees. There was evidence of pain on active range of motion, but no additional loss of range of motion after three repetitions of testing. 

A second VA examination was conducted in April 2017. Range of motion testing revealed flexion to 60 degrees, extension to 20 degrees, right lateral flexion to 20 degrees, left lateral flexion to 30 degrees, and right and left lateral rotation to 30 degrees. Pain was noted on examination, and the Veteran's lumbar spine was tender to palpation. The Veteran demonstrated additional loss of range of motion after three repetitions of testing; flexion was limited to 45 degrees, extension to 15, right lateral flexion to 20, left lateral flexion to 10, and right and left lateral rotation to 10 degrees. The examiner concluded that results were consistent with the Veteran's statements regarding loss of function with repetitive use over time or during flare-ups. Further, guarding was observed which resulted in abnormal gait or contour, and the examiner opined that the Veteran's IVDS caused incapacitating episodes lasting at least one week but less than two in the past 12 months. 

The Board observes that testing conducted at the Veteran's examinations have revealed pain on motion, and the most recent examiner noted that testing suggested additional loss of function with repeated use over time or during flare-ups. However, even considering the aforementioned Deluca factors, a rating in excess of 20 percent would not be warranted. Again, the Veteran's range of motion does not approach the degree of limitation contemplated for a 30 percent rating under the General Rating Criteria for the Spine, even when considering additional loss due to painful motion. Further, there is no evidence of incapacitating episodes having a total duration of at least four weeks for any year period during the appeal period. 

Accordingly, the Board finds that the Veteran is adequately compensated for his lumbar disability by the current 20 percent rating.

Entitlement to an evaluation in excess of 20 percent for radiculopathy of the right lower extremity prior to April 25, 2017, and in excess of 30 percent thereafter

For diseases of the peripheral nerves, disability ratings are based on whether there is complete or incomplete paralysis of the particular nerve. The term "incomplete paralysis," indicates a degree of lost or impaired function substantially less than the type pictured for complete paralysis given with each nerve, whether due to varied level of the nerve lesion or to partial regeneration. See 38 C.F.R. § 4.124a, Diseases of the Peripheral Nerves. When the involvement is wholly sensory, the rating should be for the mild, or at most, the moderate degree. 

In rating peripheral nerve injuries and their residuals, attention should be given to the site and character of the injury and the relative impairment in motor function, trophic changes, or sensory disturbances. 38 C.F.R. § 4.120.

Complete paralysis of the sciatic nerve is evidenced by the foot dangled and dropped, no active movement possible of muscles below the knee, and flexion of knee weakened or (very rarely) lost. 38 C.F.R. § 4.124a, DC 8520. Neuritis, characterized by loss of reflexes, muscle atrophy, sensory disturbances, and constant pain, at times excruciating, is to be rated on the scale provided for injury of the nerve involved, with a maximum equal to severe, incomplete paralysis. 38 C.F.R. § 4.123.

Under Diagnostic Codes 8521, for incomplete paralysis, and 8621, for neuritis, a 10 percent disability rating is assigned for mild incomplete paralysis. If the condition is considered "moderate," a 20 percent disability rating is provided. If the condition is considered "severe," a 30 percent disability rating is provided. The 30 percent rating is the highest available for incomplete paralysis. A 40 percent rating is warranted for complete paralysis. The Board observes that the words "mild," "moderate," and "severe" as used in the various diagnostic codes are not defined in the VA Schedule for Rating Disabilities. Rather than applying a mechanical formula, the Board must evaluate all of the evidence. 38 C.F.R. § 4.6.

It should also be noted that use of terminology such as "severe" by VA examiners and others, although an element of evidence to be considered by the Board, is not dispositive of an issue. All evidence must be evaluated in arriving at a decision regarding an increased rating. 38 C.F.R. §§ 4.2, 4.6.

The Veteran is currently in receipt of a 20 percent rating prior to April 25, 2017, and a 30 percent rating from that date. He seeks a higher rating for both periods. Based on a review of the evidence of record, the Board finds that the subjective and objective evidence supports a disability rating of 30 percent, but no higher, for radiculopathy of the right lower extremity, for the entirety of the appeal period.

VA and private treatment records reflect radicular pain throughout the current appeal period. July 2009 chiropractic treatment notes show back pain radiating into the Veteran's right lower extremity, while June 2011 VA examination notes reflect objective evidence of radicular pain on testing. More recent evidence shows ongoing symptoms. For instance, May 2016 private treatment records reflect significant right lower extremity radicular pain, while April 2017 private treatment notes show weakness and numbness affecting the right lower extremity. 

At his April 2017 VA lumbar examination, the Veteran evinced decreased sensation in his lower extremities and feet, with severe intermittent pain, paresthesias, and numbness. The examiner assessed the overall impact of the Veteran's radicular symptoms as "severe." 

Based on the above, the Board finds it warranted to assess a 30 percent rating for the entire appeal period for lumbar radiculopathy. The Veteran's symptomatology has been consistent and severe throughout the appeal period, and his earnest treatment efforts have brought little relief. The Board is not convinced that the Veteran's symptoms have changed markedly over the course of the period at issue; only that the findings documented at the April 2017 VA examination are reflective of and consistent with the Veteran's complaints of radicular pain, numbness and weakness that have been present throughout the appeal period. 

There is, however, no basis for a higher rating. The record is bare of any finding of complete paralysis of the popliteal nerve, or any nerve causing foot drop or loss of dorsiflexion, extension or abduction of the right foot, or of complete numbness of that foot. 

In sum, the record supports assignment of a 30 percent rating, but no higher, for lumbar radiculopathy for the entirety of the period on appeal.

Entitlement to an evaluation in excess of 10 percent for right foot plantar fasciitis

The Veteran is service-connected for bilateral plantar fasciitis, which is a disability that is not listed under VA's rating schedule. Where the particular service-connected disability is not listed, it may be rated by analogy to a closely related disease in which not only the functions affected, but also the anatomical location and symptomatology are closely analogous. 38 C.F.R. §§ 4.20 , 4.27 (2017); cf. Copeland v. McDonald, 27 Vet. App. 333, 337 (2015) (holding that "when a condition is specifically listed in [VA's scheduled for rating disabilities], it may not be rated by analogy.").

The Veteran's condition has been rated by analogy under Diagnostic Code 5276, which deals with acquired flatfoot. Under that code, moderate acquired flatfoot, with the weight-bearing line over or medial to the great toe, inward bowing of the tendo Achilles, pain on manipulation and use of the feet, is rated as 10 percent disabling when either bilateral or unilateral. Severe flatfoot, with objective evidence of marked deformity (pronation, abduction, etc.), pain on manipulation and use accentuated, indication of swelling on use, characteristic callosities, is rated as 20 percent disabling for a unilateral disability; and is rated as 30 percent disabling for a bilateral disability. Pronounced flatfoot, with marked pronation, extreme tenderness of the plantar surfaces of the feet, and marked inward displacement and severe spasm of the tendon Achilles on manipulation which is not improved by orthopedic shoes or appliances is rated as 30 percent disabling for a unilateral disability; and is rated as 50 percent disabling for a bilateral disability. 38 C.F.R. § 4.71a, Diagnostic Code 5276 (2017).

The Veteran's foot disability may also be considered under Diagnostic Code 5003, which provides that degenerative arthritis established by x-ray findings will be rated on the basis of limitation of motion under the appropriate diagnostic codes for the specific joint or joints involved. When the limitation of motion of the specific joint or joints involved is noncompensable under the appropriate diagnostic codes, a rating of 10 percent is for application for each such major group of minor joints affected by limitation of motion, to be combined, not added, under Diagnostic Code 5003. Limitation of motion must be objectively confirmed by findings such as swelling, muscle spasm, or satisfactory evidence of painful motion. In the absence of limitation of motion, x-ray evidence of involvement of two or more major joints or two or more minor joint groups warrants a 10 percent rating, and a 20 percent rating is warranted when there is x-ray evidence of involvement of two or major joints or two or more minor joint groups with occasional incapacitating exacerbations. 38 C.F.R. § 4.71a.

The evidence of record reveals consistent complaints of right foot pain, exacerbated with use. At a June 2011 VA examination, the Veteran demonstrated right foot tenderness, but no swelling, instability, or weakness. His gait was normal. 

June 2014 VA treatment records show the Veteran was prescribed custom orthotics to manage pain and facilitate mobility. 

The Veteran's foot-related complaints continued, and he continued the use of custom orthotics to manage symptoms throughout the appeal period. Critically, there is no significant evidence of marked worsening of symptoms through the appeal period. Rather, the Veteran's foot pain appears to have been uniformly severe throughout the period at issue.

The Veteran was afforded a second VA examination in April 2017, where he again demonstrated pain on use and on manipulation. Swelling was visible, as were characteristic callosities. The Veteran has lost arch height, and demonstrated extreme tenderness across the plantar surface of the right foot. There was no marked deformity and no marked pronation. The examiner concluded the Veteran would be expected to lose function due to pain on use. 

Initially, the Board observes that the Veteran's foot disability does not satisfy all the criteria associated with a 20 percent rating under Diagnostic Code 5276 for severe disability. He has not demonstrated marked deformity or marked pronation; nevertheless, as his symptoms have been characterized by the April 2017 VA examiner as severe, most notably manifested by "extreme" tenderness, along with swelling and loss of arch height, the Board finds assignment of a 20 percent rating warranted in this case. The Veteran's treatment efforts have been earnest throughout the appeal period, and his symptoms unremitting. 

Although the Board has considered whether a higher or separate rating would be available under Diagnostic Codes 5003, 5277, 5278, 5279, 5280, 5281, 5282, 5283, and 5284, it finds none of those codes appropriate in the instant case. With respect to Diagnostic Code 5003, Diagnostic Code 5276 already contemplates the Veteran's symptoms of pain, and as such, assigning a separate rating under Diagnostic Code 5003 would constitute pyramiding as he would be compensated twice for the same symptomatology. 38 C.F.R. § 4.14. 

The Board also notes that the record does not demonstrate that the Veteran was ever diagnosed during this period with weak foot, claw foot, metatarsalgia, hallux valgus, hallux rigidus, hammer toe, or nonunion or malunion of the tarsal or metatarsal bones, which disorders are rated under Diagnostic Codes 5277 through 5283, respectively. Moreover, the Veteran's symptoms are captured under Diagnostic Code 5276, including pain on manipulation and use of the feet. As such, the Veteran's bilateral plantar fasciitis is more appropriately considered under Diagnostic Code 5276. 

With respect to Diagnostic Code 5284, it does not apply to the eight foot conditions (e.g. pes planus, hallux valgus) that are specifically listed under § 4.71. See Copeland v. McDonald, 27 Vet.App. 333, 338 (2015). The Court has also held that the plain meaning of the word "injury" limits the application of Diagnostic Code 5284 to disabilities resulting from actual injuries to the foot, as opposed to disabilities caused by, for example, degenerative conditions (thus rejecting appellant's argument that Diagnostic Code 5284 is a "catch-all provision" and holding that the Secretary's interpretation of "injury" was entitled to deference). See Yancy v. McDonald, 27 Vet. App. 484 (2016). However, unlisted foot conditions may still be rated under Diagnostic Code 5284 by analogy. Id. 

The Veteran's bilateral plantar fasciitis is not one the eight listed conditions. However, the symptoms of which he has complained are contemplated by Diagnostic Code 5276, including pain on manipulation and use of the feet. Thus, the Board finds that application of Diagnostic Code 5284 by analogy is inappropriate, as the symptoms contemplated by Diagnostic Code 5276 would overlap with the symptoms contemplated by Diagnostic Code 5284. Consequently, assigning a separate rating for the Veteran's bilateral plantar fasciitis would constitute impermissible pyramiding. 38 C.F.R. § 4.14.

When assessing the severity of a musculoskeletal disability that is at least partly rated on the basis of limitation of motion, VA must also consider the extent that the Veteran may have additional functional impairment above and beyond the limitation of motion objectively demonstrated, such as during times when his symptoms are most prevalent ("flare ups") due to the extent of his pain (and painful motion), weakness, premature or excess fatigability, and incoordination. DeLuca v. Brown, 8 Vet. App. 202, 204-07 (1995); see also 38 C.F.R. §§ 4.40, 4.45. However, the Veteran's disability rating under Diagnostic Code 5276 is not based on limitation of motion, but rather, functional impairment resulting from the foot disability. Thus, a higher rating is not warranted pursuant to DeLuca or 38 C.F.R. §§ 4.40, 4.45.

In summary, the Veteran is entitled to an evaluation of 20 percent, but no higher, for the entirety of the appeal period. 38 U.S.C. § 5107(b).


Entitlement to a compensable evaluation for an eye disability prior to April 25, 2017, and in excess of 10 percent thereafter

The Veteran contends that he is entitled to an initial compensable rating for cataracts, evaluated under Diagnostic Code 6027, and to a rating in excess of 10 percent from April 25, 2017. As the evidence demonstrates a diagnosis of traumatic cataracts, the disability is rated based on visual impairment. See 38 C.F.R. § 4.79, DC 6027. 

Eye disabilities with visual impairment are rated based on impairment in visual acuity with correction. See 38 C.F.R. §§ 4.75, 4.76. Impairment of central visual acuity warrants a zero percent, or noncompensable, rating when the vision in both eyes is 20/40 (6/12) or better. 38 C.F.R. § 4.79, DC 6066. A 10 percent rating is provided for vision in one eye of 20/50 (6/15) and vision in the other of 20/40 (6/12) or 20/50 (6/15) or vision in one eye of 20/70 (6/21) or 20/100 (6/30) with vision in the other of 20/40 (6/12). Id.

The Veteran was afforded a VA eye examination in July 2011, where his visual acuity was measured at 20/40+ uncorrected in the right eye, and 20/20 uncorrected in the left eye. Referring to DC 6066, the Veteran's measured visual acuity does not correspond with a compensable rating. Lenses of both eyes were intact, and no visual field abnormality was noted. 

The Board finds the July 2011 eye examination to be competent, credible, and highly probative. Further, its results with respect to the earlier portion of the appeal period are uncontroverted by other evidence of record. As such, the Board finds no basis for assignment of a compensable rating for the earlier portion of the appeal period.

As noted above, the Veteran's eye disability has been assigned a 10 percent rating from April 25, 2017, the date of a disability questionnaire completed by a treating provider, which notes acuity of 20/50 in the right eye, and 20/40 in the left eye, with round pupils, reactive to light; no anatomical loss; no diplopia or astigmatism, no visual field defect, and no scarring or disfigurement of either eye. 

Referring to DC 6066, the Veteran's measured acuity corresponds with a 10 percent disability rating, which is the highest rating available where there is uncorrected visual acuity of 20/50 in the weaker eye. There is no basis under DCs 6027, 6066, or any other code, for a higher rating. See 38 C.F.R. § 4.79, Copeland v. McDonald, 27 Vet. App. 333, 336-37 (2015). 

The Board has considered with sympathy the Veteran's contentions with respect to his eye disability. However, it cannot afford great probative weight to his assertions with respect to the disability's current nature and severity. The rating criteria are limited and specific with respect to the degree of loss of visual acuity associated with various ratings, and as such, the testing reflected in the evidence and discussed above is found to be the most probative evidence of record in this case. In sum, the preponderance of the evidence is against the claim for increase for both portions of the appeal period. 


ORDER

Entitlement to a rating of 20 percent for a lumbar spine disorder is denied.

Entitlement to a rating of 30 percent for lumbar radiculopathy is granted for the entire appeal period. 

Entitlement to a rating of 20 percent for plantar fasciitis is granted for the entire appeal period.

Entitlement to a compensable rating for traumatic cataracts prior to April 25, 2017, and to a rating in excess of 10 percent therefrom, is denied.










____________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs