﻿Citation Nr: AXXXXXXXX
Decision Date: 02/28/20 Archive Date: 02/28/20

DOCKET NO. 190703-11936
DATE: February 28, 2020

ORDER

Entitlement to service connection for tinnitus is granted.

Entitlement to service connection for bilateral hearing loss disability is granted.

FINDINGS OF FACT

1. The evidence is in relative equipoise as to whether the Veteran’s bilateral tinnitus is related to service.

2. The evidence is in relative equipoise as to whether the Veteran’s bilateral hearing loss disability is related to service.

CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran’s favor, the criteria for service connection for tinnitus have been met. 38 U.S.C. §§ 1101, 1110, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.310.

2. Resolving reasonable doubt in the Veteran’s favor, the criteria for service connection for bilateral hearing loss disability have been met. 38 U.S.C. §§ 1101, 1110, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Navy from August 1976 to August 1980. 

These Matters are before the Board of Veterans’ Appeals (Board) on appeal from a June 2019 Appeals Modernization Act (AMA) rating decision from the Agency of Original Jurisdiction (AOJ) that considered the evidence of record on that date. The AOJ reopened the case and decided the claim on the merits. The Veteran timely appealed the decision to the Board by filing a timely VA Form 10182 Decision Review Request: Board Appeal (Notice of Disagreement), requesting the AMA Direct Review lane for a reevaluation of the evidence considered by the AOJ. AMA regulations state that the record closes the date of the AMA rating decision under the Direct Review Appeal Docket Lane. In this case, that date is, June 19. 2019.

In the June 2019 AMA rating decision, the AOJ implicitly found the following favorable findings: 1) a qualifying event, injury, or disease had its onset during service as indicated by MOS; 2) the VA has conceded noise exposure; 3) The Veteran has been diagnosed with a disability of hearing loss for VA purposes as indicated by the VA examination; and 4) The hearing loss disability is a chronic disease which may be presumptively linked to military service. The Board is bound by these favorable findings. 38 C.F.R. § 3.104 (c).

Service Connection

Generally, to establish a right to compensation for service-connection, a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Certain chronic diseases will be presumed related to service if they were shown as chronic (reliably diagnosed) in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service, with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1101, 1112, 1113, 1137; Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013); Fountain v. McDonald, 27 Vet. App. 258 (2015); 38 C.F.R. §§ 3.303, 3.307, 3.309.

In Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990), the United States Court of Appeals for Veterans' Claims stated that "a veteran need only demonstrate that there is an 'approximate balance of positive and negative evidence' in order to prevail." To deny a claim on its merits, the preponderance of the evidence must be against the claim. See Alemany v. Brown, 9 Vet. App. 518, 519 (1996) (citing Gilbert, 1 Vet. App. at 54).

1. Entitlement to service connection for bilateral tinnitus

The Veteran contends that his bilateral tinnitus is caused by acoustic trauma experienced during active service for the U.S. Navy. The Veteran claims that his military occupational specialty (MOS) placed him in the position to experience acoustic trauma, which eventually led to tinnitus. 

The Veteran’s claim will be assessed under the standards for direct service connection and presumptive service connection. Because tinnitus is considered a chronic disease under 38 C.F.R. § 3.309 (a), the presumptive service connection provisions of 38 C.F.R. § 3.303 (b) apply to the Veteran’s case. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

In the Veteran’s case, there is enough evidence in the record to support a present tinnitus disability. See December 2018 Hearing Loss and Tinnitus VA examination. 

The Veteran claims that he has tinnitus and it began during active duty service due to his exposure to acoustic trauma as a Reciprocating Engine Technician, the Veteran’s MOS. See January 2019 Statement in Support of the Claim. The Veteran stated that the tinnitus became unbearable in 2010, and he started playing symphony music to help his fall asleep at night. Id. The Veteran listed the engines and guns that he was exposed to during active duty which he believes caused his tinnitus and hearing loss. See April 2019 Veteran Statement. 

In this regard, the Board notes that the Court of Appeals for Veterans Claims (Court) has held that a Veteran is competent to testify to in-service acoustic trauma, in-service symptoms of tinnitus, and post-service continuous symptoms of tinnitus "because ringing in the ears is capable of lay observation." See Layno v. Brown, 6 Vet. App. 465 (1994); see also Charles v. Principi, 16 Vet. App. 370, 374-75 (2002) ("ringing in the ears is capable of lay observation"). Tinnitus, moreover, is a disorder uniquely ascertainable by the senses. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). That is, tinnitus is defined as a noise in the ears, a finding that can only be determined by the Veteran’s reporting of the condition. The Board finds the Veteran competent to testify to his symptoms and finds his description of his symptomatology credible. Accordingly, the Board affords great probative value the Veteran’s contention that he noticed tinnitus while he was on active duty. 

A VA examination was performed to assess the etiology of the Veteran’s tinnitus. The VA medical examiner opined that the Veteran’s tinnitus was, “less likely than not (less than a 50 percent probability) caused by or as a result of military noise exposure.” See December 2018 Hearing Loss and Tinnitus DBQ. The medical examiner based the opinion on the fact that the Veteran stated that the tinnitus started in 2010, 30 years after discharge. Also, the Veteran did not claim hearing loss or tinnitus within one year of discharge. The Veteran later provided a statement where he explains that he misunderstood the medical examiner when asked about the date of onset. The Veteran answered the question with 2010 because that was when the tinnitus became unbearable, however, the tinnitus began in service. See April 2019 Veteran Lay Statement. The Board finds the Veteran’s explanation of the misunderstanding regarding the date of onset plausible, persuasive, and affords it probative value, due to no evidence to the contrary.

However, there are also medical notes of record that indicate that the Veteran did not complain or report tinnitus or hearing loss to his primary care doctors following service. See December 2017 VAMC medical note. The Veteran’s discharge physical examination also reported normal hearing and a normal ear examination. See July 1980 Veteran’s Report of Medical Examination. 

In addition to the Veteran’s lay contentions, the VA has already found favorable findings and conceded noise exposure, and found that the Veteran’s hearing loss and tinnitus had its onset during service as indicated by his MOS. The Board will not disturb the AOJ’s favorable findings. 

Furthermore, the Veteran submitted a positive nexus opinion from a private medical professional. The medical professional stated that the Veteran was tested for tinnitus and hearing loss on April 24, 2019. The medical professional noted the Veteran’s history with jet engine noise exposure while serving in the military. The report also indicated that the Veteran has constant tinnitus in both ears. The medical professional also noted his medical knowledge that it is known that both sensorineural hearing loss and tinnitus are caused by noise exposure. See April 2019 Private Medical Opinion. In conclusion, the medical professional opined that the Veteran's “tinnitus is just as likely as not due to his exposure to acoustic trauma while serving in the military." Id. 

Resolving all reasonable doubt in favor of the Veteran, the Board finds the Veteran has a present disability of tinnitus, the tinnitus occurred or had its onset in service, and the Board finds the evidence of nexus between the Veteran's present disability and the conceded in-service acoustic trauma to be in relative equipoise. When the evidence is in “relative equipoise, the law dictates that the Veteran prevails.” Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). Therefore, the Veteran’s entitlement to service connection claim for tinnitus is hereby, granted. 

2. Entitlement to service connection for a bilateral hearing loss disability.

The United States Court of Appeals for Veterans Claims (Court) has held that the threshold for normal hearing is from 0 to 20 decibels, and that higher threshold levels indicate some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 157 (1993). The Court further opined that 38 C.F.R. § 3.385 then operates to establish when a hearing loss disability can be service connected. Id. at 159. For the purposes of applying the laws administered by VA, impaired hearing only will be considered to be an actual ratable disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of these frequencies are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

It has been determined that the Veteran has a current diagnosis of bilateral hearing loss for VA purposes. See December 2018 Hearing Loss and Tinnitus DBQ. Also, as noted above, the VA has already conceded in-service noise exposure due to the Veteran’s MOS and found that the Veteran’s hearing loss had its onset during service as indicated by his MOS. Again, the Board will not disturb the AOJ’s favorable findings. 

As such, the issue that remains disputed is whether the Veteran’s hearing loss has a nexus to service, manifested to a compensable degree within one year of separation, or is otherwise related to service. To this end, the Board finds that the evidence is in relative equipoise and affords the Veteran the benefit of the doubt.

Service treatment records are silent for complaints of or treatment for hearing loss. On the Veteran's July 1980 separation report of medical examination, the Veteran’s ears were examined and were reported as normal. 

During the July 1976 Enlistment Examination, the Veteran's audiology examination revealed the following results: Right ear: 500, 10; 1000, 0; 2000, 0; 3000, not tested; 4000, 0; and 5000, not tested. Left ear: 500, 20; 1000, 0; 2000, 0; 3000, not tested; 4000, 0; and 5000, not tested. 

The Veteran’s audiology examination during the July 1980 Separation Examination revealed the following results: The audiometer examination. Right ear: 500, 5; 1000, 10; 2000, 5; 3000, 0; 4000, 0; and 5000, 10. Left ear: 500, 5; 1000, 5; 2000, 0; 3000, 0; 4000, 5; and 5000, 10.

Notably, although the Veteran’s puretone thresholds were within normal limits at separation, the Veteran showed some, extremely minor threshold shifts compared to entrance examination at some frequencies. Again, the threshold shifts are extremely minor in some of the frequencies, only going from 0 to 5 in most instances, but it is still important to note. See Hensley, 5 Vet. App. at 157.

The Board considered a negative nexus opinion from the Veteran’s December 2018 Hearing Loss and Tinnitus VA medical examination. The medical examiner opined that, “the hearing loss was not caused by or as a result of military service.” See December 2018 Hearing Loss and Tinnitus DBQ. However, the rationale for the opinion was that there were no significant hearing threshold shifts evidenced when comparing the Veteran's military induction physical examination audiogram and his separation audiogram. Also, the Veteran did not claim of hearing loss within one year following discharge from the military. Id. 

As indicated above the VA has already found a favorable finding and conceded noise exposure, and found that the Veteran’s hearing loss and tinnitus had its onset during service as indicated by his MOS. The Board will not disturb the AOJ’s favorable findings. 

Furthermore, the Veteran submitted a positive nexus opinion from a private medical professional. The medical professional stated that the Veteran was tested for hearing loss on April 24, 2019, and the results revealed a mild sensorineural hearing loss at 2000 Hz with low normal lower frequency hearing in the right ear and normal hearing in the left ear. The medical examiner noted the Veteran’s history with jet engine noise exposure while serving in the military. The medical examiner stated that it is known that the Veteran’s sensorineural hearing loss is caused by noise exposure. See April 2019 Private Medical Opinion. The medical professional opined that, “the Veteran's hearing loss is just as likely as not due to his exposure to acoustic trauma while serving in the military." Id. 

In evaluating the evidence and rendering a decision on the merits, the Board is required to assess the probative value of proffered evidence in the context of the record. See Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997). The probative value of medical evidence is based on numerous factors and determining the weight to be attached to such evidence is within the province of the adjudicator. Guerrieri v. Brown, 4 Vet. App. 467, 470-71 (1993).

Regarding the VA medical examiner’s opinion, the Board gives it little probative weight. The Board notes that the Court has held that the absence of a measurable hearing loss at separation is not an adequate reason for denying service connection for a bilateral hearing loss disability, the VA examiner’s negative opinion clearly relies in part on such evidence. Hensley v. Brown, 5 Vet. App. 155 (1993). Here, more probative value is afforded to the private medical professional’s opinion over the VA medical examiner’s medical opinion. The private medical opinion is consistent with the favorable findings established by the VA. Moreover, it considered the Veteran’s MOS and in-service acoustic noise trauma. Lastly, the opinion did not rely on improper facts to reach the conclusion. 

Given the above evidence and testimony, the Board finds the evidence of record is at least in relative equipoise, in favor of the Veteran’s claim. When the evidence is in “relative equipoise, the law dictates that the Veteran prevails.” Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). Resolving all reasonable doubt in favor of the Veteran, the Board finds the Veteran has a present bilateral hearing loss disability which meets the requirements established by VA law, the hearing loss occurred or had its onset in service, and the Board finds the evidence of nexus between the Veteran's present bilateral hearing loss disability and the conceded in-service acoustic trauma to be in relative equipoise. Therefore, the Veteran’s entitlement to service connection for a bilateral hearing loss disability is hereby, granted. 

 

 

M. Mills

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Megan L. Mitchell

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.