Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 210519-160968
DATE: May 28, 2021

ORDER

Readjudication of the claim of service connection for bilateral hearing loss is granted. 

Service connection for bilateral hearing loss is granted.

FINDINGS OF FACT

1. New and relevant evidence concerning the issue of service connection for bilateral hearing loss was received.

2. The Veteran currently has bilateral hearing loss disability that meets the criteria of 38 C.F.R. § 3.385. 

3. The Veteran's bilateral hearing loss is related to service.

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim of service connection for bilateral hearing loss have been met. 38 U.S.C. § 5018 (2012); 38 C.F.R. §§ 3.156(d), 3.2501(a)(1) (2020).

2. Resolving reasonable doubt in the Veteran's favor, the criteria for service connection for bilateral hearing loss have been met. 38 U.S.C. §§ 1101, 1131, 1137 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran, who is the appellant, had active service from June 1958 to May 1962. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). 

This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. 

This decision has been written consistent with the new AMA framework. Following the issuance of an April 2021 rating decision, the Veteran selected the Direct Review by a Veterans Law Judge (VLJ) option, indicating that the Veteran did not want a Board hearing and would not be submitting additional evidence in support of his appeal. 

Direct review is the appeal option to the Board in which a Board decision is issued based on evidence of record at the time of the prior decision. The Board cannot hold a hearing or accept into the record additional evidence in its direct review. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). Post AMA, the Board may only remand an issue to correct any pre-decisional duty to assist or notify errors it identifies. Pub. L. No. 115-55, § 2(d)(2). Direct review entails adjudication on an identical record; no additional development takes place. 

The Veteran opted into the Appeals Modernization Act (AMA) review system by submitting a timely "Decision Review Request: Board Appeal (Notice of Disagreement)" form (VA Form 10182) received in May 2021. The Veteran requested direct review of the evidence considered by the AOJ. Accordingly, the Board will consider the evidence of record as of the date of the April 2021 decision.

New and Relevant

Under the AMA, a claimant may continuously pursue a claim or issue by filing a supplemental claim following notice of a decision by the AOJ or the Board. 38 C.F.R. § 3.2500(c). If new and relevant evidence has been presented or secured with respect to the supplemental claim, the AOJ will readjudicate the claim taking into consideration all of the evidence of record. 38 C.F.R. § 3.2501. New evidence is evidence not previously part of the actual record before agency adjudicators. 38 C.F.R. § 3.2501(a)(1). Relevant evidence is information that tends to prove or disprove a matter at issue in a claim, including evidence that raises a theory of entitlement that was not previously addressed. Id. If new and relevant evidence is not presented or secured, the AOJ will issue a decision finding that there was insufficient evidence to readjudicate the claim. 38 C.F.R. § 3.2501. 

In May 2020, the RO denied service connection for bilateral hearing loss. In denying service connection, the RO noted that it had reviewed the Veteran's VA medical treatment records, and determined that while these records reflected complaints, treatment, or a diagnosis similar to that claimed, it did not constitute the fact that this condition was incurred in or aggravated by active military service. It observed that the VA medical opinion found no link between the diagnosed medical condition and military service. There was no evidence in the Veteran's service treatment records that would allow the RO to create a link between the current diagnosed condition and the Veteran's military service. The evidence on file did not show an event, disease or injury in service. Also, the service treatment records did not contain complaints, treatment, or diagnosis for this condition. It reported that because it was not established by the objective medical evidence that the Veteran's bilateral hearing loss was either incurred in or aggravated by military service this issue remained denied. The RO further observed that service connection could also be granted on a presumptive basis for bilateral hearing loss if this condition was manifested to a compensable degree (severe enough to be evaluated at least 10 percent disabling) within a certain period after military discharge. As the medical evidence failed to show a diagnosis of bilateral hearing loss within the time period specified under 38 C.F.R. § 3.307, service connection on a presumptive basis also had to be denied. In June 2020, the Veteran withdrew his appeal on this claim. Thus, it became final. 

Evidence received subsequent to the May 2020 rating determination and prior to the April 2021 rating determination included private treatment records; a private audiological report linking the Veteran's hearing loss to his period of service and the duties performed in service; and statements from the Veteran as to his hearing loss being related to service. 

The added evidence demonstrates that the Veteran currently has a bilateral hearing loss and a possible connection of the hearing loss, symptoms since service, and a relationship between the current hearing loss and his period of service. It is accepted that the rating decision acknowledged the favorable finding that the Veteran had a high probability of noise exposure. 

For these reasons, the Board finds that the evidence received since the May 2020 determination is new and relevant, and readjudication of the Veteran's claim for service connection for bilateral hearing loss is warranted. The issue will be addressed directly below.

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). As a general matter, service connection for a disability requires evidence of: (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004); see also Hickson v. West, 12 Vet. App. 247, 253 (1999), citing Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd, 78 F.3d 604 (Fed. Cir. 1996). 

Where the evidence shows a "chronic disease" in service or "continuity of symptoms" after service, the disease shall be presumed to have been incurred in service. For the showing of "chronic" disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. With chronic disease as such in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributable to intercurrent causes. If a condition noted during service is not shown to be chronic, then generally, a showing of "continuity of symptoms" after service is required for service connection. 38 C.F.R. § 3.303(b). 

Under 38 C.F.R. § 3.303(b), service connection will be presumed where there are either chronic symptoms shown in service or continuity of symptomatology since service for diseases identified as chronic in 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331, 1338-40 (Fed. Cir. 2013) (holding that continuity of symptomatology is an evidentiary tool to aid in the evaluation of whether a chronic disease existed in service or an applicable presumptive period). Here, sensorineural hearing loss (organic disease of the nervous system) is considered a chronic disease for the purpose of applying 38 C.F.R. § 3.309(a). Therefore, 38 C.F.R. § 3.303(b) applies to the Veteran's claim for service connection for hearing loss.

For purposes of applying VA laws, impaired hearing is considered a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, and 4000 Hertz (Hz) is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, and 4000 Hz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. VA regulations do not preclude service connection for a hearing loss which first met VA's definition of disability after service. Hensley v. Brown, 5 Vet. App. 155, 159 (1993).

It is the defined and consistently applied policy of VA to administer the law under a broad interpretation, consistent, however, with the facts shown in every case. When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. 38 C.F.R. § 3.102.

At the outset, the Board notes that service connection is currently in effect for tinnitus, granted as a result of the Veteran's inservice noise exposure when performing duties as a sonar man. The Board further observes that acoustic trauma has already been conceded due to the Veteran's inservice duties. 

The Veteran maintains that his current bilateral hearing loss had its onset in service. He states that he was constantly exposed to noise as a sonar man and that he was stationed below the ship guns. 

In conjunction with his claim, the Veteran submitted the results of a May 2020 private audiogram. At that time, decibel level readings of 20, 10, 45, 70, and 65 in the left ear, and 15, 15, 25, 70, and 60 in the right ear, were reported at 500,1000, 2000, 3000, and 4000 Hertz. Speech recognition was 76 percent in the left ear and 80 percent in the right ear. A diagnosis of sensorineural hearing loss was rendered. 

In a May 2020 report accompanying the results, K. R., M.D., noted the Veteran's sonar duties and working with 5 inch guns. He opined that the Veteran's time in the service had certainly contributed to his present hearing loss and communication issues. 

The Veteran was afforded a VA examination in January 2021. At that time, decibel level readings of 45, 30, 60, 70, and 65 in the left ear and 25, 25, 30, 65, and 60 in the right ear, were reported at 500, 1000, 2000, 3000, and 4000 Hertz. Speech recognition was 94 percent in the right ear and 96 percent in the left ear. A diagnosis of bilateral sensorineural hearing loss was rendered. 

The examiner opined that it was not as likely as not that the Veteran's bilateral hearing loss was caused by or the result of an event in military service. The examiner stated that although separation exam included a whisper test which was not a reliable test of hearing, the Veteran reported onset of hearing loss as about 10 years ago, more than 45 years post-separation. The examiner noted that the current literature did not support late onset noise-induced hearing loss. She indicated that although noise exposure on active duty was conceded and reported, there had to be a nexus to relate claimed hearing loss to military noise exposure and not another etiology. She stated that the Veteran reported a 32 year history of occupational noise exposure with the use of hearing protection. She indicated that the available evidence was against a nexus in this case. 

Although the January 2021 VA examiner found that it was less likely that the Veteran's hearing loss was related to his period of service, she did note the acoustic trauma to which the Veteran was exposed in service. Moreover, the testing results in service, specifically at separation, are not a reliable test of hearing. The lack of evidence showing the Veteran had hearing loss during service is not fatal to his claim for service connection. The laws and regulations do not strictly require in-service complaint of, or treatment for, hearing loss in order to establish service connection. As such, the Board finds the opinion of limited probative value. 

Although the VA examiner indicated that the Veteran reported having hearing loss for approximately ten years at the time of the examination, the Veteran has reported having a gradual loss of hearing over time in other treatment records. Despite some inconsistencies, the Board finds his lay accounts of onset of hearing loss in service to be credible. See Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997) (holding that the Board has the duty to assess the credibility and weight to be given to the evidence). Therefore, as the evidence is in relative equipoise, the Board finds that the Veteran experienced recurrent hearing loss symptomatology.

(Continued on the next page)

 

Given the Veteran's current hearing loss; his in-service military occupational specialty; his in-service noise exposure, and the medical opinions of record being at least in equipoise as to whether the Veteran's current bilateral hearing loss is related to his period of service, reasonable doubt must be resolved in favor of the Veteran. As such, service connection is warranted for bilateral hearing loss disability.

 

 

K. Parakkal

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board T. S. Kelly, Counsel 

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.